# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS E. RADER,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1540**  (BOR Appeal No. 2045739)
(Claim No. 2001031106)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas E. Rader, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 14, 2011, in which the Board affirmed a February 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 3, 2010, decision, denying authorization for Lidoderm patches and a lumbar MRI. The Petitioner has limited his prayer for relief to authorization for Lidoderm patches. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 18, 2000, Mr. Rader was employed by Huntington Alloys Corporation and received an injury to his neck from the jarring motion of a machine he was operating. The claims administrator held the claim compensable for a cervical neck strain. On April 10, 2003, Dr. Scott, performed an independent medical evaluation of Mr. Rader. Dr. Scott found that Mr. Rader's subjective complaints were out of proportion with the objective medical findings and that Mr. Brown had reached maximum medical improvement with respect to his October 18, 2000, injury. Several years later, on August 6, 2009, Dr. Agana, in reviewing Mr. Rader's

medical records, opined that Mr. Rader's ongoing symptoms were most likely related to his non-compensable degenerative disc disease, progressive osteoarthritism, and disc spondylosis. Dr. Agana also stated that further treatment, including therapy and pain management, were not justified in this case. Despite these reports, Mr. Rader continued to submit requests for medication authorization which were frequently and consistently denied.

On September 1, 2010, Mr. Radar's treating physician, Dr. Caraway, requested authorization for Lidoderm patches and an MRI of lumbar spine. But Dr. Caraway did not state any medical rationale for his request. On September 3, 2010, the claims administrator denied authorization for Lidoderm patches and a lumbar MRI based on the report of Dr. Agana. Following the denial, Dr. Caraway submitted a second request for Lidoderm patches but stated that Mr. Radar no longer needed an MRI and that the request was a mistake. The claims administrator's September 3, 2010, decision was affirmed by the Office of Judges on February 28, 2011, and by the Board of Review on October 14, 2011.

The Office of Judges concluded that the medication Lidoderm and a lumbar MRI are not medically related and reasonably necessary to treat the subject injury at the time authorization was requested. The Office of Judges found that Dr. Caraway offered no explanation for Mr. Radar's ongoing need for the requested medication ten years after the compensable injury and over seven years after Dr. Scott had found that Mr. Rader had reached maximum medical improvement. The Board of Review adopted the finding of the Office of Judges and affirmed its Order.

We agree with the Order of the Board of Review and the reasoning of the Office of Judges. The Office of Judges determined based on a preponderance of the evidence that Lidoderm was not medically related or reasonably necessary to treat Mr. Rader's compensable October 18, 2000, injury. Dr. Caraway did not present a consistent justification for Mr. Rader's continuing need for Lidoderm. The evidence in the record does not consistently relate Mr. Brown's need for Lidoderm to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II